**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY LAWYERS' FUND FOR CLIENT PROTECTION,<br><br>    Plaintiff,<br><br> v.<br><br>DAVID J. KHAWAM,<br><br>    Defendant/Third-Party Plaintiff,<br><br> v.<br><br>EILEEN HEWLETT, individually and as Executor of the Estate of William A. Hewlett and the Estate of Daveine J. Hewlett, and NEW JERSEY LAWYERS' FUND FOR CLIENT PROTECTION,<br><br>    Third-Party Defendants. | Civil Action No. 23-02580 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, U.S.D.J.**

  **THIS MATTER** comes before the Court upon the Motion to Remand filed by Plaintiff Trustees of the New Jersey Lawyers' Fund for Client Protection and joined by Third-Party Defendant Eileen Hewlett. (ECF Nos. 10 & 16.) Having carefully reviewed and considered the parties' submissions and arguments without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b), the Court determines for the reasons set forth herein, and other good cause shown, that it lacks subject matter jurisdiction. Therefore, the

action shall be remanded to the Superior Court of New Jersey, Law Division, Mercer County, pursuant to 28 U.S.C. § 1447(c).

I.     **BACKGROUND**

On or about March 27, 2023, Plaintiff Trustees of the New Jersey Lawyers' Fund for Client Protection brought suit in the Law Division of the Superior Court of New Jersey, Mercer County, against Defendant David J. Khawam, a former New Jersey attorney who was disbarred by consent in March 2021. (ECF No. 1-1 at 3-9.[1]) The New Jersey Lawyers' Fund for Client Protection was established to reimburse clients for losses caused by the dishonest conduct of members of the New Jersey Bar, and it alleges that Khawam failed to render legal services as agreed, failed to refund money owed, converted clients' funds, failed to perform on contracts for legal services, and breached his fiduciary duty to clients. (*Id.*)

On or about April 28, 2023, Khawam answered the Complaint in New Jersey Superior Court and asserted certain affirmative defenses and third-party claims against the executor of a former client's estate, Third-Party Defendant Eileen Hewlett, and against the New Jersey Lawyers' Fund. (ECF No. 1-2 at 1-36.) Khawam's third-party claims include claims for purported violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and federal civil rights law, 42 U.S.C. § 1983. (*Id.* at 13-25.)

About two weeks later, on May 11, 2023, Khawam filed a notice to have the New Jersey case removed to federal court on the basis that a federal question had arisen from his "third-party claims based in violations of Federal Civil Rights and the Federal Debt Collection Practices Act." (ECF No. 1 at 1-3 ¶¶ 3-4.)

---

[1]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

On June 30, 2023, the New Jersey Lawyers' Fund moved to remand the case to the New Jersey Superior Court, arguing that this Court does not have subject matter jurisdiction. (ECF No. 10.) Khawam opposed on July 15, 2023. (ECF No. 15.) On July 21, 2023, Hewlett filed a letter motion joining in the motion to remand. (ECF No. 16.) Khawam filed a further opposition on August 2, 2023. (ECF No. 21.) The New Jersey Lawyers' Fund and Hewlett filed replies in support of remand on August 9 and 11, 2023, respectively. (ECF Nos. 23 & 25.)

## II. LEGAL STANDARD

It is elemental that federal courts, unlike state courts, are courts of "limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 142 (3d Cir. 2017), *as amended* (Apr. 19, 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[I]n removed cases, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (quoting 28 U.S.C. § 1447(c)). A district court "must" dismiss an action "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction." Rule 12(h)(3) (emphasis added).

## III. DISCUSSION

It is undisputed by the parties that Plaintiff's Complaint in New Jersey Superior Court against Khawam contained no cause of action that arose under federal law and did not establish that the parties were citizens of different states. As a result, there was neither federal question nor diversity jurisdiction to allow the claims to be heard in federal court. *See Johnson v. AT&T*, Civ. No. 23-00814, 2023 WL 6260139, at *1 (W.D. Pa. Sept. 26, 2023) ("Subject matter jurisdiction is the Court's authority to hear a case. Generally, subject-matter jurisdiction arises through the assertion of a federal question or through the diversity of the parties.").

To try to overcome this jurisdictional barrier, Khawam argues that the Court can maintain federal question jurisdiction over the action on the basis that Khawam's third-party claims, which accompanied Defendant's answer to the Complaint, include federal "claims stemming from the same controversy which makes it removable." (ECF No. 15 at 9.) Khawam does not cite any case law in support of his argument that a defendant's third-party claims, alone, can serve as the basis for federal question jurisdiction when such jurisdiction is absent on the face of the original complaint, and precedent in the Third Circuit is squarely against him. Time and again, our district courts have explained that "the 'well-pleaded complaint' rule requires federal question jurisdiction be established squarely within the four corners of *the plaintiff's complaint* for removal purposes." *Palmer v. Univ. of Med. & Dentistry of New Jersey*, 605 F. Supp. 2d 624, 633 (D.N.J. 2009) (emphasis added) (Greenaway, J.). "[T]hird party complaints and cross-claims cannot be the basis for removal." *Id.*; *see also Roberts v. Alaris Health, LLC*, Civ. No. 22-2298, 2022 WL 20173310, at *2 (D.N.J. Aug. 31, 2022), *report and recommendation adopted sub nom.*, *Roberts v. Alaris Health at Hamilton Park*, 2023 WL 4074001 (D.N.J. June 20, 2023) (Neals, J.) ("[A] defendant may not remove an action to federal court, under 28 U.S.C. § 1441, on the grounds that a federal question is raised in a crossclaim, counterclaim, or third-party claim."); *AHS Hosp. Corp. v. Ippolito*, Civ. No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019) (Vazquez, J.) ("The fact that a counterclaim or third-party claim may implicate federal law is not enough to confer federal question jurisdiction."); *Bayview Loan Servicing LLC v. Farzan*, Civ. No. 17-1796, 2017 WL 5047900, at *2 (D.N.J. Nov. 3, 2017) (Wolfson, J.), *aff'd in part, appeal dismissed in part*, 720 F. App'x 678 (3d Cir. 2018) ("[B]ecause the face of Plaintiff's Complaint does not identify a federal question, this Court lacks federal question jurisdiction, irrespective of any federal counterclaim asserted by Defendant.").

Khawam next argues that Plaintiff's motion to remand was untimely because it was filed more than thirty days after the notice of removal. (ECF No. 21-1 at 11-12.) Plaintiff replies that Khawam did not comply with the removal statute, and he did not provide a copy of the notice of removal to Plaintiff until a month and a half after it had been filed. (ECF No. 23 at 7-8.)

Ultimately, the timeliness of Plaintiff's motion to remand is immaterial because the Court is obligated to independently confirm that it has subject matter jurisdiction. *See Manos v. United Food & Com. Workers Int'l Union*, 9 F. Supp. 3d 473, 483 n.7 (D.N.J. 2014) ("It is immaterial whether the Court . . . [rules on the] Motion to Remand or makes this ruling *sua sponte* because the Federal Rules of Civil Procedure direct the Court to dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" (quoting Rule 12(h)(3))); *see also AHS Hosp. Corp.*, 2019 WL 3985647, at *1 ("[S]*ua sponte* determin[ing] that th[e] Court lacked subject matter jurisdiction and remand[ing] the matter to the Superior Court of New Jersey."). The United States Supreme Court has emphasized that "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because Khawam has not demonstrated that there is a basis to confer subject matter jurisdiction, this case was improperly removed under 28 U.S.C. § 1441. Accordingly, the action must be remanded pursuant to 28 U.S.C. § 1447(c).[2]

IV. **CONCLUSION**

Because the Court lacks subject matter jurisdiction, this action is **REMANDED** to the Superior Court of New Jersey, Law Division, Mercer County.

---

[2]  Because the Court does not have jurisdiction, it cannot address the various merits-related issues raised by the parties in their briefs.

Dated: October 19, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**